FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN A. SUTTER, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>GLOBAL EQUITY FINANCE, INC., a foreign corporation, and ROY KOLDARO, an individual,<br><br>            Defendants. | No. 2:22-cv-00105-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND FOR ATTORNEY FEES AND COSTS<br><br>ECF No. 4 |

Before the Court is Plaintiff's Motion for Remand to State Court and Attorney Fees and Costs, ECF No. 4. The Court has reviewed the record and it is fully informed. For the reasons detailed below, the Court DENIES Plaintiff's Motion for Remand.

## BACKGROUND

Plaintiff served Defendant Global Equity Finance, Inc. ("Global Equity") with a Complaint and Summons on April 11, 2022. ECF No. 1 at 2; ECF No. 1-1 at 2-13. The Complaint named as defendants both Global Equity and Roy

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND FOR ATTORNEY FEES AND COSTS - 1

1   Koldaro.  ECF No. 1-1 at 3.  Plaintiff had not filed the Complaint and Summons in
2   Spokane County Superior Court on April 11, 2022.  ECF No. 1 at 2; ECF No. 4 at
3   3.  Plaintiff subsequently filed the Complaint and Summons in Spokane County
4   Superior Court on July 8, 2022.  *See Sutter v. Global Equity Finance, et al.*, Case
5   No. 22-2-02222-32.
6       On May 10, 2022, Defendants filed a Notice of Removal.  ECF No. 1.  At
7   the time Defendants filed the Notice of Removal, Defendant Global Equity did not
8   contemporaneously file its Fed. R. Civ. P. 7.1 disclosure.  Defendant Global Equity
9   later filed that disclosure on June 15, 2022.  ECF No. 8.

## ANALYSIS

**A. Defendants' Notice of Removal is Timely**

Plaintiff argues that removal was improper because, prior to Defendants' filing of their notice of removal, Plaintiff had not filed the complaint in Spokane County Superior Court.  While Plaintiff is correct that a case cannot be removed to federal court until an action has commenced in state court, *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005), Plaintiff misunderstands the interplay between Washington Superior Court Civil Rule 3 and the time for removal under 28 U.S.C. § 1446(b)(1).

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO STATE
COURT AND FOR ATTORNEY FEES AND COSTS - 2

Section 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(emphasis added). To determine whether a cognizable action has commenced in state court, this Court must defer to state law and rules. *Bush*, 425 F.3d at 686 (citing *Herb v. Pitcairn*, 324 U.S. 117, 120 (1945)).

Wash. Sup. Ct. Civ. R. 3 states in pertinent part, "a civil action is commenced by service of a copy of a summons together with a copy of a complaint." Accordingly, a cognizable civil action can commence in Washington state court before a plaintiff files the complaint. *See Rose v. ReconTrust Co.,* Case No. 10-CV-394-LRS, 2013 WL 1703335, at *2-3, *5 (E.D. Wash. Apr. 18, 2013). The Eastern District of Washington has also acknowledged that the 30-day period for a defendant to file a notice of removal is triggered by a plaintiff serving a summons and complaint under this rule. *Id.* The rule does not, as Plaintiff purports, require a defendant provide a plaintiff with a written demand that "the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand." ECF No. 4 at 5 (citing Wash. Sup. Ct. Civ. R. 3). It is merely an option available to the defendant upon

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND FOR ATTORNEY FEES AND COSTS - 3

service. *Seattle Seahawks, Inc. v. King Cty.*, 913 P.2d 375, 376 (Wash. 1996) ("[Wash. Sup. Ct. Civ. R. 3] clearly and unmistakably provides that an action is commenced today by service of a summons *or* by the filing of a complaint.") (emphasis added) (internal citations and quotation marks omitted); *Alderson v. Delta Air Lines, Inc.*, Case No. C18-1374JLR, 2018 WL 5240811, at *2 (W.D. Wash. Oct. 22, 2018); *cf. Ass'n of Ethical Matchmakers v. Together Racketeering Enter.*, Case No. 97-35228, 1997 WL 702987, at *1 n.2 (9th Cir. 1997) ("Plaintiffs' failure to file the action in Washington state court, within 14 days of defendants' demand that they do so, voided the service of the complaint.").

Plaintiff concedes that he served Defendants with the Complaint and Summons. ECF No. 4 at 3. In so doing, a civil action commenced on April 11, 2022, under Wash. Sup. Ct. Civ. R. 3. Defendants could have made a written demand Plaintiff file the action within 14 days, but they were not required to. Defendants had 30 days from service to file their notice of removal, or until May 11, 2022. 18 U.S.C. § 1446(b)(1). Defendants filed their notice on May 10, 2022. Accordingly, Defendants' removal was timely.

**B. Defendants Established Diversity Jurisdiction**

A defendant may remove a civil action brought in state court so long as the appropriate United States District Court has original jurisdiction. 28 U.S.C. § 1441. A defendant seeking removal "bears the burden of establishing that the

1  statutory requirements of federal jurisdiction have been met." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).  In their Notice of Removal, Defendants contend that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), which grants the Court original jurisdiction over this matter so long as Defendants can establish (1) the civil action is between citizens of different states, and (2) the amount in controversy is greater than $75,000.  28 U.S.C. § 1332(a).  Defendants have done so.

*1. Citizens of Different States*

A natural person is a citizen of a state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).  Plaintiff resides in Washington, ECF No. 1-1 at 5, so his domicile is Washington.  Defendant Koldaro is domiciled in California.  ECF No. 2 at 2.

For the purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  Defendant Global Equity is incorporated in California and its principal place of business is California.  ECF No. 2 at 2.

1  Because Plaintiff is a citizen of a different state than all Defendants, the diversity

2  of citizenship requirement is met.

3      2.  *Amount in Controversy*

4      The Ninth Circuit has instructed the Court to look at the complaint to

5  determine the amount in controversy.  "Generally, 'the sum claimed by the

6  plaintiff controls if the claim is apparently made in good faith.'"  *Lewis v. Verizon*

7  *Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) (quoting *St. Paul Mercury*

8  *Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If the complaint does not

9  state a specific amount, however, the circumstances of the case dictate the

10  corresponding burden of proof required of the party seeking removal.  *Guglielmino*

11  *v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (listing the three sets of

12  circumstances: (1) complaint pleads amount above jurisdictional threshold, (2)

13  complaint is unclear as to amount in controversy, and (3) "complaint affirmatively

14  alleges the amount in controversy is less than the jurisdictional threshold").  If,

15  from the face of the complaint, the amount in controversy is unclear, the proponent

16  of federal jurisdiction must prove by a preponderance of the evidence that the

17  jurisdictional threshold is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

18  398, 404 (9th Cir. 1996).

19      Plaintiff's complaint is silent as to a specific sum that is controversy.  *See*

20  ECF No. 1-1 at 5-13.  Indeed, Plaintiff seeks "judgment against Defendants Global

[Equity] and Koldaro, jointly and severally, in an amount to be proven at trial." ECF No. 1-1 at 12.  Accordingly, the complaint is ambiguous as the amount in controversy, and Defendants must prove the jurisdictional threshold has been met by a preponderance of the evidence.  *Sanchez*, 102 F.3d at 404.

Defendants assert that this amount exceeds $75,000.  ECF No. 1 at 5-6.  Specifically, they state, "[Plaintiff] has made demands upon Defendants relating to the Complaint in an amount exceeding $75,000 in connection with this controversy."  ECF No. 1 at 5; *see* ECF No. 2 at 2.  In their response, Defendants further explain Plaintiff has been "consistently demand[ing] amounts well [sic] in excess of $75,000 to settle this matter."  ECF No. 12 at 6; *see* ECF No. 11 at 2.  This includes a formal demand for settlement.  *See* ECF No. 12 at 6.  Plaintiff does not rebut this allegation.  Nor does Plaintiff assert that the amount in controversy falls affirmatively below the jurisdictional threshold.  Instead, Plaintiff argues that these statements are not enough for Defendants to meet their burden.  The Court disagrees.  Defendants have established beyond a preponderance of the evidence that the amount in controversy is $75,000.

**C. Fed. R. Civ. P. 7.1 Has No Bearing on Removal**

Plaintiff contends that Defendants' Notice of Removal was improper because Defendant Global Equity did not file a disclosure as required under Fed. R. Civ P. 7.1.  Plaintiff cites no case law suggesting that a late disclosure is

grounds for remand. Moreover, this requirement, which is grounded in the cannons of judiciary ethics,[1] is separate and distinct from the requirements in 28 U.S.C. §§ 1332, 1441, 1446. Accordingly, Defendants untimely disclosure under Fed. R. Civ. P. 7.1 has no bearing on the Court's jurisdiction.

## CONCLUSION

Defendants timely filed their notice of removal and have established by a preponderance of the evidence that the parties are citizens of different states and the amount in controversy is greater than $75,000. The Court's jurisdiction is proper.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand to State Court and for Attorney Fees and Costs, **ECF No. 4**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

---

[1] "The information required by Rule 7.1(a) reflects the 'financial interest' standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges. This information will support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c)." Fed. R. Civ. P. 7.1 advisory committee's note to 2002 adoption.

Order and provide copies to the parties.

DATED September 8, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND FOR ATTORNEY FEES AND COSTS - 9